THE PEOPLE OF THE STATE OF NEW YORK ex rel. TER BUSH & POWELL, INCORPORATED, Appellant, *v.* LEON G. DIBBLE, as Comptroller of the City of Schenectady, Respondent.

*Municipal corporations — mandamus to compel city comptroller to pay premium on group life insurance policy taken out by city for benefit of its employees — appeal — inadequacy of record.*

1. Peremptory mandamus will not lie to compel a city comptroller to pay a claim against the city unless it appears without contradiction that it is his clear legal duty to pay.

2. Inadequacy of the record in failing to set forth facts needful to a determination precludes the Court of Appeals from examining the question as to the power of the city of Schenectady to take out group life insurance for the benefit of its employees who may thereafter die or become disabled while in the service of the city.

*People ex rel. Ter Bush & Powell, Inc.,* v. *Dibble,* 196 App. Div. 913, affirmed.

(Argued April 22, 1921; decided June 7, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 11, 1921, which affirmed an order of

38

Special Term denying a motion for a peremptory writ of mandamus to compel the comptroller of the city of Schenectady to pay the premium on a policy of group insurance taken out by the city for the benefit of its employees.'

*John D. Miller* for appellant.

~*George B. Smith, Corporation Counsel. (Maurice B. Flinn* of counsel), for respondent.

*Per Curiam.* The question argued is as to the authority of the city of Schenectady to take out group life insurance for the benefit of its employees./ (Insurance Law [Cons. Laws, ch. 28], §§ 101-a–101-d.)

No question is made by the parties to the appeal that the relator has not taken the proper steps for the enforcement of its claim, assuming that the city had the legal right to contract for such insurance. The record is, however, too fragmentary to enable the court to decide the fundamental question as to the right of the city to take out the policy which has actually been issued to it and the duty of the city to pay the premium thereon.

1. It does not appear that the bill of relator has been audited or allowed by the common council nor that the comptroller has been ordered to pay the same, nor that such audit, allowance and order are unnecessary, nor that the comptroller has legal authority to pay the relator. Peremptory mandamus will not lie unless it appears without contradiction that it is the clear legal duty of the comptroller to pay the bill.

2. The record does not set forth the facts needful to enable the court to determine the question argued. The insurance policy actually issued is not before us. We are left in ignorance as to its terms. It does not appear whether or not the insurance continues to cover the life of an employee after he voluntarily leaves the service of the city. The opinion of Borst, J., at Special Term refers to disability benefits but so far as the record shows the policy is one of life insurance only. It does not appear that employees disabled before the policy was

issued are excluded from its benefits. It does not appear that the insurance is not unauthorized as a donation or as extra compensation (*Matter of Mahon*, 171 N. Y. 263) as to any of the employees of the city.

The inadequacy of the record in this and other respects precludes us from examining the question as to the power of the city to take out group life insurance for the benefit of its employees who may thereafter die or become disabled while in the service of the city.

The order should, therefore, be affirmed, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.